UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LEE LAFAVOR,<br><br>   Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:23-cv-00745-CDB (SS)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(Doc. 4)<br><br><u>OBJECTIONS DUE WITHIN 14 DAYS</u><br><br>Clerk of Court to Assign District Judge |

  Plaintiff Jennifer Lee Lafavor ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 1). Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc. 2). On May 17, 2023, the Court denied Plaintiff's application to proceed *in forma pauperis* and ordered Plaintiff to file a long-form application. (Doc. 3). On May 19, 2023, Plaintiff filed an amended motion to proceed *in forma pauperis* and filed a long-form application. (Doc. 4).

  To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C.

1  § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and
2  not a right.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,
3  198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to
4  proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis
5  does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v.*
6  *Williams*, 490 U.S. 319 (1989).  A plaintiff need not be absolutely destitute to proceed *in forma*
7  *pauperis* and the application is sufficient if it states that due to poverty, the applicant is unable to
8  pay the costs and still be able to provide herself and her dependents with the necessities of life.
9  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Whether to grant or deny
10 an application to proceed without prepayment of fees is an exercise of the district court's
11 discretion.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

12 The Court may consider Plaintiff's spouse's financial resources in determining whether she
13 is entitled to *in forma pauperis* status.  *Id.*  Plaintiff states that her spouse's monthly income
14 amount during the past 12 months was between $3,300 and $3,200.  (Doc. 4 pp. 1-2).  Plaintiff's
15 spouse has worked from 2012 to present.  *Id*. at 2.  Plaintiff proffers she and her spouse have
16 $200.00 in a joint banking account.  *Id*.  Plaintiff also proffers that she owns a home valued at
17 $600,000.00, and a 2011 Nissan Leaf valued at $500.00. *Id*.

18 In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1),
19 courts look to the federal poverty guidelines developed each year by the Department of Health
20 and Human Services.  *Elmer v. Comm'r of Soc. Sec.*, No. 1:22-cv-01045-AWI-SAB, 2022 WL
21 5237463, at *2 (E.D. Cal. Sep. 21, 2022) (citing *Lint v. City of Boise*, No. CV09-72-S-ELJ,
22 2009 WL 114942, at *2 (D. Idaho. Apr. 28, 2009) (collecting cases)), *F&R adopted*, 2022 WL
23 9452375 (E.D. Cal. Oct. 14, 2022).  Plaintiff claims two dependents.  (Doc. 4 p. 3).[1]  The 2023
24 Poverty Guidelines for the 48 contiguous states for a household of four is $30,000.  2023
25 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines
26 (last visited May 22, 2023).  Therefore, Plaintiff's spouse's income lies above the poverty

---

[1] Plaintiff listed she had no dependents in her first motion for *in forma pauperis*.  (Doc. 2 p. 2).

threshold.

Plaintiff also claims monthly household expenses of approximately $2,8300, which is slightly below her spouse's asserted income.  (Doc. 5 p. 4-5).  Plaintiff claims $500 in monthly home-mortgage payments, $900 for utilities, and $500 for food. *Id*. at 4.  Plaintiff also adds that she spends $50 for laundry and dry-cleaning and $100 for recreation.

Turning to insurance, Plaintiff claims that her spouse pays $100 in homeowner's insurance, $100 in life insurance, and $180 in motor vehicle insurance. Plaintiff also claims an unspecified $300 in tax expenses. *Id*. Finally, Plaintiff claims her spouse pays $100 a month in Discover credit card payments.

> To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and also has several expenses to contend with.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.  Such difficulties in themselves do not amount to indigency.

*Core v. California Controllers Office*, No. 2:18-cv-0155-MCE-KJN-PS, 2018 WL 1569416, at *1 (E.D. Cal. Mar. 20, 2018).  Although she may not be wealthy, Plaintiff's household income does not suggest that Plaintiff is living in poverty and that she would not suffer extraordinary hardship from paying the filing fee. *Id*.  Accordingly, it is HEREBY ORDERED:

1. The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

And it is HEREBY RECOMMENDED:

1. That Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

4